UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANG KAI,<br><br>            Petitioner,<br><br>     v.<br><br>UNKNOWN,<br><br>            Respondent. | No. 2:15-cv-1599 DAD P<br><br><br><br>ORDER |

On July 24, 2015, petitioner, a state prisoner proceeding pro se, filed a letter with this court. Out of an abundance of caution, the Clerk of the Court construed that letter as an application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 and opened this civil case file.

I. Screening Standards

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

/////

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." When the court considers whether a petition presents a claim upon which habeas relief can be granted, the Federal Rules of Civil Procedure dictate that court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.")

## II. Screening Analysis and Venue

In this case, the petition and the subsequently filed petition for the appointment of counsel (ECF Nos. 1 and 2) refer to two different state-court criminal convictions: one in Santa Clara County Superior Court and one in Los Angeles County Superior Court. It appears to this court that petitioner is most likely attempting to collaterally attack his judgment of conviction entered in the Los Angeles County Superior Court, but it is not completely clear if that is the case. While both this court and the federal district courts in the districts where petitioner was convicted have jurisdiction, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), the witnesses and evidence necessary for the resolution of petitioner's habeas case are probably more readily available in the Central District of California, which covers Los Angeles County. Id. at 499 n.15; 28 U.S.C. § 2241(d). When a court finds that placing a habeas case in another federal forum with jurisdiction would best serve the interests of judicial efficiency and economy, the law controlling federal habeas petitions allows that court, in its discretion, to order the case transferred to the

more convenient forum. See 28 U.S.C. § 2241(d).

Although it appears that if petitioner is seeking to challenge a judgment of conviction entered in the Los Angeles County Superior Court the Central District of California is likely to be the best venue for the efficient judicial management of this case, the petition's factual statements regarding the state court of conviction and the alleged grounds for habeas relief are far too vague for this court to reach a reliable conclusion about whether transfer to the Central District is appropriate. In addition to the screening standards described above, Rule 2(c) of the Rules Governing Section 2254 Cases requires a habeas petition to (1) specify all the grounds for relief available to the petitioner, (2) state the facts supporting each ground and (3) state the relief requested.[1] The letter, deemed a petition, currently before the court does not meet any of those requirements. Accordingly, the court concludes that the better course, at this point, is to dismiss the petition with leave to amend so that petitioner has the opportunity to be more specific, as the rules require, about where he was convicted and why he alleges that conviction violated his rights under the U.S. Constitution or other federal law.

If petitioner chooses to amend his petition, the court will retain discretion to transfer this action to another federal district court and will reconsider that question when appropriate. Petitioner is admonished, therefore, to consider whether the Eastern District of California is the best venue for his habeas action or whether the more proper course is for him to file a petition in the U.S. District Court for the Central District of California.[2] Furthermore, if petitioner decides to file an amended pleading here, the court will examine the amended petition according to the same screening standards described above. Petitioner is informed that the court cannot refer to a prior pleading in order to make petitioner's amended petition complete. Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended petition supersedes the original. See Loux v. Rhay, 375

---

[1] Rule 2(c) also requires the petition to be legible and signed under penalty of perjury by the petitioner or a person authorized to sign it under 28 U.S.C. § 2242.

[2] If petitioner decides to file his federal habeas petition in the Central District of California, he may inform this court of that decision with a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a).

F.2d 55, 57 (9th Cir. 1967). Once petitioner files an amended petition, the prior pleading no longer serves any function in the case. Therefore, in an amended petition, as in an original petition, the factual basis of each claim and the relief sought must be sufficiently alleged.

Finally, petitioner is admonished that if he does not file an amended petition within the time allowed by this order, or if does not otherwise respond to this order, the court will recommend that his case be dismissed for failure to prosecute his claims. See Federal Rule of Civil Procedure 41(b); Local Rule 110.

   III.   Petitioner's Motion for Appointment of Counsel

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus (ECF No. 1) is dismissed with leave to amend. Petitioner has thirty days from the date of this order in which to file his first amended petition in compliance with the screening and pleading standards described above.

2. The Clerk of the Court is directed to serve on petitioner the form petition for those seeking relief under 28 U.S.C. § 2254.

3. The motion for appointment of counsel (ECF No. 2) is denied.

Dated: July 30, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
kai1599.screening