1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHANG KAI,                                     No.  2:15-cv-1599 JAM DAD P

12                    Petitioner,

13          v.                                       FINDINGS AND RECOMMENDATIONS

14   UNKNOWN,

15                    Respondent.

16

17          Petitioner is a state prisoner proceeding pro se with an application for writ of habeas

18   corpus under 28 U.S.C. § 2254.  On July 31, 2015, the court dismissed the petition for failure to

19   meet the screening requirements of 28 U.S.C. § 1915A and granted petitioner thirty days in which

20   to file an amended petition.  (See ECF No. 4.)[1]  Petitioner was informed that his failure to comply

21

22   [1]  Specifically, the undersigned noted that the letter, which the court deemed to be a petition,
     referred to two different state-court criminal convictions, one in Santa Clara County Superior
23   Court and one in Los Angeles County Superior Court, and that it appeared petitioner was most
     likely attempting to collaterally attack his judgment of conviction entered in the latter court.
24   (ECF No. 4 at 3.)  However, because the petition's factual statements and the alleged grounds for
     habeas relief were too vague to justify the transfer of the action to the U.S. District Court for the
25   Central District of California, the court concluded that the better course was to dismiss the
     petition with leave to amend so that petitioner would be provided the opportunity to be more
26   specific about where he was convicted and why he alleges that conviction violated his rights
     under the U.S. Constitution or other federal law.  Petitioner was also admonished to consider
27   whether the Eastern District of California was the proper venue for his habeas action or whether
     the more proper course is for him to file a petition in Central District of California
28
                                                    1

1    with that order or otherwise communicate with the court would result in a recommendation that

2    this action be dismissed without prejudice.

3         The thirty-period set by the court's order has passed, and petitioner has not filed an

4    amended petition.  Instead, petitioner has merely filed with this court two documents in which he

5    requests that vaguely described court papers be returned to him and states that he has "already

6    signed on the form."  (ECF Nos. 7 and 8.)  Both of these letters again refer to a criminal action

7    prosecuted in the Los Angeles County Superior Court and presumably appeals related to that

8    conviction in the California Court of Appeal for the Second District and the California Supreme

9    Court.  Those submissions are unresponsive to the habeas pleading requirements the court set out

10   in its screening order of July 31, 2015.

11        Because petitioner has not attempted to meet any of the screening criteria described in the

12   court's previous order, the undersigned will recommend that this action be dismissed for failure to

13   prosecute, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

14        Accordingly, IT IS RECOMMENDED that this action be dismissed without prejudice for

15   failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 110.

16        These findings and recommendations are submitted to the United States District Judge

17   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18   after being served with these findings and recommendations, any party may file written

19   objections with the court and serve a copy on all parties.  Such a document should be captioned

20   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

21   objections shall be served and filed within fourteen days after service of the objections.  The

22   parties are advised that failure to file objections within the specified time may waive the right to

23   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24   Dated:  September 15, 2015

25

26   _____
     DALE A. DROZD
27   UNITED STATES MAGISTRATE JUDGE

     hm
     kai1599.fta
28

2